UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
THE NEW YORK TIMES COMPANY,

                          Plaintiff,

                          **COMPLAINT**

               - against -

CENTRAL INTELLIGENCE AGENCY,

                          Defendant.

---------------------------------------------------------------X

Plaintiff THE NEW YORK TIMES COMPANY, by its undersigned attorneys, alleges for its Complaint:

      1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking an order for the production of agency records from the Central Intelligence Agency ("CIA") in response to a request properly made by Plaintiff.

## PARTIES

      2.    Plaintiff The New York Times Company ("The Times") publishes *The New York Times* newspaper. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York.

      3.    Defendant CIA is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), and has possession and control of the records that Plaintiff seeks.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is premised on the place of business of Plaintiff and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

6. Plaintiff has exhausted all administrative remedies available in regard to the request at issue. The CIA denied Plaintiff's timely filed administrative appeal in its entirety, and therefore Plaintiff is entitled to seek judicial review of that denial pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTS

7. The documents sought by the FOIA request at issue relate to reporting done by C.J. Chivers and John Ismay on chemical weapons that were uncovered by U.S. troops in Iraq in the aftermath of the U.S. invasion.[1] Their groundbreaking stories uncovered how the U.S. Government had kept secret for more than a decade that hundreds of military service

---

[1] See, e.g., C.J. Chivers, The Secret Casualties of Iraq's Abandoned Chemical Weapons, N.Y. Times, Oct. 14, 2014, available at http://www.nytimes.com/interactive/2014/10/14/world/middleeast/us-casualties-of-iraq-chemical-weapons.html; John Ismay, An Iraq Veteran's Experience with Chemical Weapons, N.Y. Times, Oct. 16, 2014, http://atwar.blogs.nytimes.com/2014/10/16/an-iraq-veterans-experience-with-chemical-weapons/; C.J. Chivers, Troops to Be Checked for Chemical Exposure in Iraq, N.Y. Times, Oct. 29, 2014, available at http://www.nytimes.com/2014/10/30/world/middleeast/iraq-chemical-weapons-pentagon-response.html; C.J. Chivers, More Than 600 Reported Chemical Exposure in Iraq, Pentagon Acknowledges, N.Y. Times, Nov. 6, 2014, available at http://www.nytimes.com/2014/11/07/world/middleeast/-more-than-600-reported-chemical-weapons-exposure-in-iraq-pentagon-acknowledges.html; C.J. Chivers, Thousands of Iraq Chemical Weapons Destroyed in Open Air, Watchdog Says, N.Y. Times, Nov. 22, 2014, available at http://www.nytimes.com/2014/11/23/world/middleeast/thousands-of-iraq-chemical-weapons-destroyed-in-open-air-watchdog-says-.html; C.J. Chivers and John Ismay, Examining a Rare Nerve-Agent Shell That Wounded American Troops in Iraq, N.Y. Times, Dec. 12, 2014, available at http://www.nytimes.com/2014/12/05/world/middleeast/examining-a-rare-nerve-agent-shell-that-wounded-american-troops-in-iraq.html; C.J. Chivers and Eric Schmitt, C.I.A. Is Said to Have Bought and Destroyed Iraqi Chemical Weapons, N.Y. Times, Feb. 15, 2015, available at http://www.nytimes.com/2015/02/16/world/cia-is-said-to-have-bought-and-destroyed-iraqi-chemical-weapons.html; C.J. Chivers, Veterans Hurt by Chemical Weapons in Iraq Get Apology, N.Y. Times, Mar. 25, 2015, available at http://www.nytimes.com/2015/03/26/world/middleeast/army-apologizes-for-handling-of-chemical-weapon-exposure-cases.html.

members had been potentially exposed to chemical warfare agents as they encountered and in many cases handled chemical munitions once possessed by the Iraqi military.  The reporting on that disturbing legacy of U.S. operations in Iraq is ongoing, and a significant amount of information regarding the U.S. Government's knowledge and handling of such chemical weaponry remains withheld from the public.

8. On October 22, 2013, The Times submitted a FOIA request (the "Request") to the CIA seeking documents relating to the use of chemical weapons in Iraq:

   i. "A document believed to be published in August 2007, bearing the approximate title, 'Iraq: Recovered CW Munitions Probably Remnants of Pre-1991 CW Program.'"

   ii. "A document believed to be published in Dec. 2006 as a CIA WIRe report and titled, 'Iraq: Recovered Pre-1991 Mustard Rounds May Pose Localized Threat.'"

   iii. "A document believed to be published in March 2007 as CIA WIRe report and titled, 'Iraq: US Forces Experienced First Sulfur-Mustard Related Injuries.'"

9. On December 30, 2013, the CIA denied the Request (the "Denial").  The CIA stated in a letter that it refused to confirm or deny the existence or nonexistence of the requested documents.  In issuing that so-called "Glomar response," the agency relied on both FOIA Exemption 1, which exempts properly classified information, and FOIA Exemption 3, Section 6 of the CIA Act of 1949, as amended, and section 102A(i)(1) of the National Security Act of 1947.

3

60139

10. The Times timely filed an administrative appeal with the CIA in January 2014 (the "Appeal").

11. On March 5, 2014, the CIA acknowledged receipt of the Appeal.

12. On June 3, 2014, the CIA denied the Appeal in its entirety, stating that the agency had properly invoked FOIA Exemptions 1 and 3.

13. Following the publication of the Times articles, the Government officially acknowledged many of the details of the chemical weapons program and the injuries sustained by military personnel. As a result of those official disclosures, the CIA's Glomar response is no longer sustainable.

## COUNT

14. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

15. The CIA is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

16. Plaintiff has exhausted all administrative remedies, having filed an administrative appeal that was denied. Plaintiff is therefore entitled to seek judicial review of that denial pursuant to 5 U.S.C. § 552(a)(4)(B).

17. There is no lawful basis under FOIA for the CIA's Glomar response or for withholding documents asked for by the Request.

18. Even if parts of the requested documents are properly classified or are otherwise subject to an exemption, the CIA has an obligation to redact non-public portions of the documents and release those portions that are public under FOIA.

19. The CIA's failure to acknowledge the existence of relevant documents and to provide any responsive documents violates FOIA.

20. Accordingly, Plaintiff is entitled to an order compelling the CIA to produce the documents sought by the Request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

b. Order the CIA to provide those records to Plaintiff within 20 business days of the Court's order;

c. In the alternative, declare that the CIA must disclose the existence of responsive documents, assert any exemptions that the CIA believes apply, and produce a so-called Vaughn index of such documents to permit Plaintiff to challenge the withholding of the documents;

d. Award Plaintiff the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

e. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 26, 2016

      /s/ David E. McCraw
David E. McCraw, Esq.
Tali R. Leinwand, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccraw@nytimes.com
*Counsel for Plaintiff*

60139